United States District Court

Eastern District of California

United States of America,

       Plaintiff,               No. Cr.S-05-0060-MCE

   vs.                          Detention Order (Violation of
                                 Pretrial Release, Probation or
Ravin Patrick Simpson,     Supervised Release)

       Defendant.

-oOo-

    \_\_\_\_\_     After a hearing pursuant to 18 U.S.C. § 3148 (violation of pretrial release order), the court finds:

          \_\_\_\_\_    There is probable cause to believe the person has committed a federal, state or local crime while on release and the defendant has not rebutted the presumption that his release will endanger another or the community or

          \_\_\_\_\_    There is clear and convincing evidence that the defendant has violated another condition of release and

          \_\_\_\_\_    based on the factors set forth in 18 U.S.C. § 3142 (g) there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger

```
                        to the safety of another person or the
                        community or

             _____      the person is unlikely to abide by any
                        condition or combination of conditions of
                        release.  F.R.Cr.P. 32.1(a)(D),46(c), 18
                        U.S.C. § 3148.

      x                 Pursuant to F.R.Cr.P.32.1(a) and 46(c) and 18
                        U.S.C. § 3143 (violation of probation or supervised
                        release) the court finds defendant has not met his
                        burden of establishing by clear and convincing
                        evidence that he will not flee or pose a danger to
                        another person or to the community.
```

    IT IS ORDERED that pursuant to 18 U.S.C. § 3142(I)(2)(4) defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with his counsel. Upon further order of a court of the United States or request of an attorney for the United States the person in charge of the corrections facility in which defendant si confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    Dated: October 25, 2005


                                        /s/ Peter A. Nowinski
                                        Peter A. Nowinski
                                        Magistrate Judge